## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

LEOVIGILDO ESPINOZA,                        )
                                            )
    Plaintiffs,                         )
                                            )
v.                                          )        6:15-cv-1923-Orl-31DAB
                                            )
BOBBY HARRELSON, JOSHUA SANTOS,             )
CONSTANTINE PROCOS, and                     )
CITY OF DELAND,                             )
                                            )
    Defendants.                         )

### JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 as well as the Fourth and Fourteenth Amendments to the U.S. Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the above-mentioned statutory and Constitutional provisions.

2.      Venue of this action is proper in this Court under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in this federal district and the Defendants reside in this federal district.

3.      This action seeks monetary damages against the Defendants for actual damages in excess of Seventy Five Thousand ($ 75,000.00) and punitive damages, exclusive of costs, interest and attorney fees.

### PARTIES

4.      Plaintiff, LEOVIGILDO ESPINOZA, (hereinafter referred to as Plaintiff ESPINOZA ) is and was at all times relevant to this Complaint a resident of the state of Florida, Volusia County.

5.     Defendant, BOBBY HARRELSON (hereinafter referred to as Defendant HARRELSON)  at all times relevant to this Complaint, was a police officer in the Police Department of the City of Deland, Florida, and at all times mentioned was acting in such capacity as the agent and employee of the City of Deland.  He is a resident of the state of Florida.  He is sued in his individual capacity.

6.     Defendant, JOSHUA SANTOS, (hereinafter referred to as Defendant SANTOS) at all times relevant to this Complaint, was a police officer in the Police Department of the City of Deland, Florida, and at all times mentioned was acting in such capacity as the agent and employee of the City of Deland.  He is a resident of the state of Florida.  He is sued in his individual capacity.

7.     Defendant, CONSTANTINE PROCOS (hereinafter referred to as Defendant PROCOS ), at all times relevant to this Complaint, was a police officer in the Police Department of the City of Deland, Florida, and at all times mentioned was acting in such capacity as the agent and employee of the City of Deland.  He is a resident of the state of Florida.  He is sued in his individual capacity.

8.     Defendant the City of Deland, Florida, is a municipal corporation established under the laws of the state of Florida.

9.     At all relevant times, all of the Defendants were acting under color of state law.

## FACTUAL ALLEGATIONS

10.     In the early afternoon of January 22, 2012, the City of Deland Police Department received a call for service from an adult female, Connie Bond, who was at her residence located at 134 West Haven Road, in Deland.

11.     Bond's residence was located directly behind the residence located at 133B Carroll Avenue, in Deland, where the events to this action occured.

12.     At the time of the call to the police, and when all of the police officers named as Defendants in this action arrived at the scene, the Plaintiff and his two friends (Javier Perez and Arnulfo Mendoza) were in the backyard of the residence on Carroll Avenue.

13.     The Plaintiff and his friends had been shooting a BB gun at an orange in the backyard, but at no time when the police officers were at the scene were any of the Plaintiffs holding the BB gun nor aiming the BB gun at any person.

14.     When the police officers were on the scene, the BB gun was lying on top of an appliance that was in the backyard of the Carroll Avenue residence.

15.     When they arrived at the scene, the Defendant police officers assumed a position behind a wooden stockade fence on the rear perimeter of the Carroll Avenue residence.

16.     Through an opening in the fence where several slats were missing, Defendant HARRELSON fired numerous shots at the Plaintiff from his police department issued AR-15 rifle, striking Plaintiff ESPINOZA and his friend Perez.

17.     Defendant PROCOS and Defendant SANTOS both observed the subject BB gun lying on top of the appliance and never saw Plaintiff, ESPINOZA lift the BB gun nor point it at any person at any time and despite being within such a close proximity to Defendant, HARRELSON, failed to take any action to stop Defendant HARRELSON from continuing to wrongfully fire gun shots at the Plaintiff although Defendant's PROCOS and SANTOS had ample means and opportunity to do so.

18.     Plaintiff  ESPINOZA sustained numerous bullet wounds to his right hand,  jaw and his left shoulder.  Plaintiff  ESPINOZA  underwent emergency surgery for his injuries.

19.    The shootings by the Defendant police officers also caused injuries to a two-month-old baby at a neighbor's residence and to a dog owned by that neighbor.

20.    Plaintiff  ESPINOZA, severely  wounded by the shooting, was very soon thereafter seized and arrested by the Defendant police officers in the front yard of the Carroll Avenue residence.  Plaintiff  ESPINOZA did not resist his arrest in any way.

21.    Plaintiff  ESPINOZA was taken by the Defendant police officers to the Halifax Medical Center for treatment of his injuries.

22.    The Defendant police officers caused Plaintiff  ESPINOZA and his friend Perez to be falsely charged with the crime of aggravated assault on a law enforcement officer, under section 775.0823(11).  Those criminal charges have been resolved.

23.    At no time prior to the shootings by Defendant HARRELSON did the Defendant police officers on the scene make their presence known to the Plaintiff or issue any verbal orders or warnings to the Plaintiff, and at no time prior to the arrest of the Plaintiff did the Defendant police officers identify themselves to the Plaintiff as police officers.

24.    At the time that Defendant HARRELSON  pulled and aimed his weapon and fired at the Plaintiff,  the Plaintiff was unarmed and posed no significant threat of death or serious physical injury to either the Defendant police officers or to the public if the Plaintiffs were not immediately apprehended.  As a result, the use of deadly force against the Plaintiff was unreasonable and totally without justification.

25.    The Plaintiff had at no time committed any act that constituted aggravated assault on a law enforcement officer, nor any other crime, nor was there in existence any reasonable or probable cause to believe that a crime had been committed or that the Plaintiffs had committed

same. Further, there was not in existence at this time any warrant calling for the arrest or imprisonment of the Plaintiff.

26.    The Defendants at all relevant times knew that there was a complete absence of probable cause against the Plaintiff with respect to the charges for which they arrested the Plaintiff, but, nonetheless, they caused such charges to be filed against the Plaintiff in an attempt to justify their actions or lack thereof.

27.    Following the arrests of the Plaintiffs, there was television coverage and newspaper accounts of the arrests, and other forms of publicity, all of which damaged the Plaintiffs' reputations in the community.

28.    Earlier in his tenure as a police officer for the City of Deland, Defendant Harrelson violated a Police Department policy when he used a taser to stun a 19-year-old burglary suspect a dozen times in 12 minutes, including use of the taser on the suspect while he was in handcuffs.

**COUNT I**
**( § 1983 VIOLATION OF RIGHTS-EXCESSIVE FORCE)**
Defendant, HARRELSON, Individual Capacity

29.    Plaintiff incorporates the foregoing paragraphs 1 through 28 as if fully set forth here.

30.    The conduct of Defendant, HARRELSON in using deadly and excessive force against the Plaintiff deprived the Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure.

31.    The conduct of the Defendant HARRELSON in subjecting the Plaintiff to arrest without probable cause deprived the Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure.

32.     The conduct of the Defendant police officer in causing the Plaintiff to be unlawfully detained without probable cause deprived the Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure, and his right under the Fourteenth Amendment to the U.S. Constitution not to be deprived of his liberty without due process.

33.     The acts and omissions of the Defendant police officer were taken under color of state law, and with malice and callous disregard for the Plaintiffs' federally protected rights.

34.     Pursuant to 42 U.S.C. §1988 , Plaintiff, ESPINOZA, is entitled to a reasonable allowance for attorney fess and costs in addition to the damages complained of herein.

35.     The conduct of Defendant HARRELSON proximately caused severe and permanent injuries to the Plaintiff, including physical injuries, hospital and medical expenses, lost earnings, mental and emotional distress, pain and suffering, injury to reputation, and the incurring of attorney's fees in the criminal proceedings brought against him, all in violation of the Plaintiffs' constitutional rights and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff, ESPINOZA, demands damages against Defendant, HARRELSON, in an amount in excess of Seventy-Five Thousand Dollars.

## COUNT II
### ( § 1983 VIOLATIONS OF RIGHTS)
### Defendant , PROCOS, Individual Capacity

36.     Plaintiffs incorporate the foregoing paragraphs 1 through 35 as if fully set forth here.

37.     The conduct of Defendant, PROCOS, in failing to take reasonable steps to protect the Plaintiff from Defendant, HARRELSON'S unreasonable use of deadly and excessive force against the Plaintiff deprived Plaintiff, ESPINOZA, of his right under the Fourth Amendment to

6

the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure.

38.     The conduct of Defendant, PROCOS, in failing to take reasonable steps to protect Plaintiff, ESPINOZA, from being arrested without probable cause deprived Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure.

39.     The conduct of Defendant, PROCOS, in failing to take reasonable steps to protect Plaintiff, ESPINOZA, from being unlawfully detained without probable cause deprived Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure, and his right under the Fourteenth Amendment to the U.S. Constitution not to be deprived of his liberty without due process.

40.     The acts and omissions of Defendant, PROCOS, were taken under color of state law, and with malice and callous disregard for the Plaintiffs' federally protected rights.

41.     That at all material times hereto, Defendant, PROCOS, was in such close physical proximity to Defendant, HARRELSON, during the shooting that Defendant, PROCOS, was is a position to intervene and chose not to do so permitting Plaintiff's constitutional rights to be violated.

42.     The conduct of Defendant, PROCOS, proximately caused severe and permanent injuries to the Plaintiff, including physical injuries, hospital and medical expenses, lost earnings, mental and emotional distress, pain and suffering, injury to reputation, and the incurring of attorney's fees in the criminal proceedings brought against him, all in violation of the Plaintiffs' constitutional rights and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff, ESPINOZA, demands damages against Defendant,

PROCOS, in an amount in excess of Seventy-Five Thousand Dollars.

## COUNT III
### ( § 1983 VIOLATIONS OF RIGHTS)
Defendant, SANTOS, Individual Capacity

43.     Plaintiffs incorporate the foregoing paragraphs 1 through 42 as if fully set forth

here.

44.     The conduct of Defendant, SANTOS , in failing to take reasonable steps to

protect the Plaintiff from Defendant, HARRELSON'S unreasonable use of deadly and excessive

force against the Plaintiff deprived Plaintiff, ESPINOZA, of his right under the Fourth

Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable

search and seizure.

45.     The conduct of Defendant, SANTOS , in failing to take reasonable steps to

protect Plaintiff, ESPINOZA, from being arrested without probable cause deprived Plaintiff of

his right under the Fourth Amendment to the U.S. Constitution to be secure in his person and

effects against unreasonable search and seizure.

46.     The conduct of Defendant, SANTOS , in failing to take reasonable steps to

protect Plaintiff, ESPINOZA, from being unlawfully detained without probable cause deprived

Plaintiff of his right under the Fourth Amendment to the U.S. Constitution to be secure in his

person and effects against unreasonable search and seizure, and his right under the Fourteenth

Amendment to the U.S. Constitution not to be deprived of his liberty without due process.

47.     The acts and omissions of Defendant, SANTOS , were taken under color of state

law, and with malice and callous disregard for the Plaintiffs' federally protected rights.

48.     That at all material times hereto, Defendant, SANTOS, was in such close

physical proximity to Defendant, HARRELSON, during the shooting that Defendant, SANTOS, was is a position to intervene and chose not to do so permitting Plaintiff's constitutional rights to be violated.

49.     The conduct of Defendant, SANTOS, proximately caused severe and permanent injuries to the Plaintiff, including physical injuries, hospital and medical expenses, lost earnings, mental and emotional distress, pain and suffering, injury to reputation, and the incurring of attorney's fees in the criminal proceedings brought against him, all in violation of the Plaintiffs' constitutional rights and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff, ESPINOZA, demands damages against Defendant, SANTOS, in an amount in excess of Seventy-Five Thousand Dollars.

**COUNT IV**
( § 1983 VIOLATIONS OF RIGHTS)
Defendant, City of DeLand, Official Capacity

50.     Plaintiffs incorporate the foregoing paragraphs 1 through 49 as if fully set forth here.

51.     Police officers employed and controlled by Defendant City of Deland have, on many occasions over a period of years, subjected citizens to unconstitutional actions, including arrests and detentions without probable cause and the use of excessive force in the course of making arrests.

52.     Supervisory and policymaking officials of Defendant City of Deland, including its Chief of Police, Bill Ridgway, have known, or have had reason to know, of the pervasive unconstitutional actions of the City's police officers, as described in the preceding paragraph.

53.     Despite such knowledge, Defendant City of Deland, through its supervisory and policymaking officials, including its Chief of Police, Bill Ridgway, has failed to adequately train,

9

supervise, and discipline the City's police officers, including the individual Defendant police officers named in this Complaint, concerning the making of arrests and detentions only with probable cause and the use of force, including deadly force, in making arrests.

54.    The failure of Defendant City of Deland to adequately train, supervise, and discipline the police officers of the City of Deland has been so great as to constitute deliberate indifference by the City to the rights of citizens, including the Plaintiff, who come into contact with the City's police officers.

55.    The acts and omissions of the Defendant City of Deland caused the Plaintiff to be unlawfully arrested and detained without probable cause and to be subjected to deadly and excessive force, in violation of his rights under the Fourth Amendment to the U.S. Constitution to be secure in his person and effects against unreasonable search and seizure, and his rights under the Fourteenth Amendment to the U.S. Constitution not to be deprived of his liberty without due process.

56.    The acts and omissions of the Defendant City of Deland were taken under color of state law and have resulted in widespread practice of condoning the excessive use of force by its Officers.

57.    Defendant's HARRELSON and SANTOS have both been the subject of multiple lawsuits which involved the use of excessive force. Namely, Kitchen vs. Santos et al Case number 6:15-cv-831-ORL-22DAB, Perez vs. Harrelson Case number 6:15-cv-879-ORL-37GJK as well as other excessive force incidents involving City of DeLand Officers.  The City of DeLand continues to internally clear their officers of these and other similar constitutional violations which has resulted in a deliberate indifference toward the misconduct.

58.    The acts and omissions of the Defendant City of Deland proximately caused injury to the Plaintiffs, including physical injuries, hospital and medical expenses, lost earnings, mental and emotional distress, injury to reputation, and the incurring of attorney's fees in the criminal proceedings brought against them, all in violation of Plaintiffs' constitutional rights and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff, ESPINOZA, demands damages against Defendant, CITY OF DELAND, in an amount in excess of Seventy-Five Thousand Dollars.

## JURY DEMAND

A jury trial is hereby demanded on all Counts alleged in this Complaint.

Scott M. Miller, Esquire
Fla. Bar No. 140783
Law Offices of Scott M. Miller
Cambridge Square, Suite 100
1920 Boothe Circle
Longwood, FL  32750
Telephone:  (407) 869-9996
Facsimile:  (407) 869-9911
Attorney for Plaintiffs
Email:  jeannette@scottmillerlawoffice.com
         service@scottmillerlawoffice.com