UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEOVIGILDO ESPINOZA,

      Plaintiff,

v.                                  Case No. 6:15-cv-1923-Orl-37GJK

BOBBY HARRELSON,

      Defendant.

_____

## ORDER

On March 3, 2017, Defendant moved to exclude the opinions of Dr. Marc. Brodsky ("**Dr. Brodsky**") pursuant to the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (Doc. 63 ("***Daubert* Motion**").) Plaintiff's response to the *Daubert* Motion was due on or before Friday, March 17, 2017. *See* Local Rule 3.01(b) (allotting fourteen days in which a party opposing a motion may respond). Ignoring this deadline, Plaintiff responded to the *Daubert* Motion on March 28, 2017. (Doc. 68 ("**Response**").) At no time did Plaintiff seek leave to file a late response or provide any explanation for his failure to adhere to the Local Rules. As such, the Court finds that the Response is due to be stricken, thus rendering the *Daubert* Motion unopposed.

Turning now to the *Daubert* Motion, Plaintiff previously disclosed Dr. Brodsky as a non-retained expert witness. (Doc. 57, p. 7.) In this disclosure, Plaintiff revealed that Dr. Brodsky's expected testimony concerns injuries that Plaintiff sustained from gunshot wounds. (*Id.*) Specifically, Dr. Brodksy intends to testify: (1) that Plaintiff sustained

permanent injuries to his neck, left shoulder, right hand, and face; (2) as to the cause of

such injuries; (3) that Plaintiff will need extensive occupational therapy and splinting;

(4) that he treated Plaintiff's neck injury with cervical facet injections, which provided

relief from some pain; and (5) as to the cost of Plaintiffs' future medical needs, including

right hand surgery, left shoulder arthroscopy, and full open surgery. (*Id.* at 7.)

Defendant seeks to exclude such testimony on the ground that these opinions are

unreliable under *Daubert*. (Doc. 63, p. 6.) In particular, Defendant points out that:

(1) Dr. Brodksy has no recollection of personally treating Plaintiff; (2) Dr. Brodsky was

unaware of whether Plaintiff has any surgery scheduled or any future treatment

scheduled with any physician in Dr. Brodsky's practice group; (3) Dr. Brodsky "does not

render the care that he opines Plaintiff could require"; (4) Dr. Brodsky's "bases for his

cost estimates are what he has heard over the years of seeing these same patients over

and over and water-cooler talk"; and (5) Dr. Brodsky was unable to affirmatively state

whether anything about Plaintiff's candidacy for surgery had changed since Plaintiff's

July 11, 2012 visit to Dr. Brodsky's former practice group. (*Id.*) Based on the foregoing,

Defendant argues that Dr. Brodsky's testimony is outside the scope of a non-retained

treating physician and that his trial testimony would "amount to simply reciting the

contents of medical records," and "providing inadequately-supported hearsay-based

cost estimates of Plaintiff's possible future medical treatment." (*Id.* at 7.)

Upon consideration, the Court agrees with Defendant that Dr. Brodsky "should

not be permitted to testify in the form of opinion regarding any matter outside that which

[he] can affirmatively testify was drawn from his own, personal evaluation and treatment

of Plaintiff." (*See id.* at 8.) Hence the Court will limit Dr. Brodsky's testimony to that of a percipient witness. As such, Dr. Brodsky may testify as to opinions (1), (2), and (4) but not (3) or (5).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Clerk is **DIRECTED** to **STRIKE** Plaintiff's Notice of Opposition to Defendant's *Daubert* Motion Regarding Dr. Mark Brodsky (Doc. 68) as an untimely response.

2.  Defendant Bobby Harrelson's *Daubert* Motion Regarding Dr. Marc Brodsky and Incorporated Memorandum of Law (Doc. 63) is **GRANTED IN PART AND DENIED IN PART**.

    a.  Dr. Brodsky may testify as a percipient witness as described herein.

    b.  In all other respects, the Motion is **GRANTED** as unopposed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 29, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record